## CHARLES BALLANCE

*v.*

## MICHAEL FLOOD.

1. POSSESSION—*whether it extends to newly purchased adjoining lands.* The principle that when a party purchases land adjoining a tract of which he was already in the occupancy, he will be considered as at once, in point of law, in possession of the newly acquired tract, is true only when the latter tract is vacant, or at least not held under an adverse possession.

2. EJECTMENT—*effect of the plaintiff showing an outstanding title, upon his right of recovery.* A defendant may protect his possession, in an action of ejectment, by showing an outstanding title. And so, if a plaintiff introduces proof of a title in a third person, with which he fails to connect himself, such proof will be fatal to a recovery.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Mr. CHARLES BALLANCE *pro se.*

4—52ND ILL.

Mr. D. McCULLOCK, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment. The declaration contained two counts—one in the name of Langworthy, the other in that of Ballance. Langworthy died pending the suit, and his heirs were made parties. The verdict and judgment were for the defendant, and Ballance appealed.

On the trial, the plaintiffs introduced a patent from the United States to Langworthy, issued in 1840. Ballance did not connect himself in any mode with this patent, but relied on proof of a possession prior to that of defendants for recovery on the count in his own name. The defendant relied upon the twenty years statute of limitation as a defense against the heirs of Langworthy, and also upon evidence of a prior possession in the Bartons, under whom he held, as against Ballance. The evidence upon the question of possession is very contradictory, and it would answer no useful purpose to review it. It is sufficient to say, it is so conflicting as clearly to make it improper for us to set aside the verdict because unsustained by the testimony. It is certain that the heirs of Barton, under whom the defendant held, obtained a deed from the United States Marshal in December, 1844, reciting a judgment and *alias fi. fa.* against the patentee, Langworthy, and although, in the absence of the judgment and execution, this deed was, in itself, no evidence of title, it defined the character and extent of their possession. The conflict in the evidence is in regard to the fact of possession during the requisite time, and on that point we must accept the finding of the jury.

It is claimed, however, that the court erred in refusing the following instructions asked by the plaintiff:

"1. It is a principle of law that when a man owns and has actual possession, by occupancy, of a tract of land, and buys

another adjoining tract, the newly purchased tract becomes attached to the original tract, and he is at once, in point of law, in possession of the newly acquired tract, without any inclosure put upon it.

"1½. Prior possession is evidence of a fee; and if the jury believe said Ballance was in possession when said Leonard, under Bartons, took possession as detailed, plaintiff is entitled to recover.

"2. If the jury believe from the evidence, that the witness Rouse occupied the northwest quarter of section 23, and the south half of the S. W. quarter of sec. 14, in T. 9 N. of R. 8 E. of the 4th principal meridian, and conveyed them both to plaintiff Ballance, by the deed given in evidence, and there were then inclosures and a house on said N. W. quarter of sec. 23, which Ballance took possession of and held up to the time when he commenced this suit, then he was in the legal possession of said S. ½ of the S. W. quarter of sec. 14."

The first of the foregoing instructions was properly refused, because too general. The principle therein announced is true only where the newly purchased tract is vacant, or at least not held under an adverse possession. Here that was the very point in dispute.

The next instruction was also too general. It directed a verdict for the plaintiff, Ballance, in case he was in possession at a particular date, without reference to the question whether the Bartons, under whom the defendant held, had had a prior possession, as claimed by the defendant.

The last instruction, if given, would have tended to mislead the jury by declaring the possession of Ballance in a certain contingency, the "legal" possession. Whether it would have been the legal possession depended on other matters besides those enumerated in the instruction.

The instruction asked in regard to the marshal's deed was given in another form.

· The appellant also objects to the third instruction given for the defendant, which was as follows:.

3. The jury are further instructed that the plaintiffs have, by the introduction of the patent, shown a title in fee simple, in Augustus Langworthy; and unless the plaintiff, Ballance, has shown himself in some way connected with the title so shown in Langworthy, or unless he has shown himself, or those under whom he claims, to have been in the open and exclusive possession. of the same for a period of twenty years, he can not recover any portion of the premises in his own name."

· The appellant has no right to complain of the foregoing instruction. It is a proper application of the general rule, that the defendant may protect his possession, in an action of ejectment, by showing an outstanding title. Whether a mere trespasser upon the possession of another can make this defense has been sometimes denied, as in *Jackson* v. *Hardee*, 4 Johns. 20. It is unnecessary here to consider whether the rule should be thus qualified, as, in this case, the appellant himself introduced the patent for the purpose of recovering under his first count, and having thus introduced it as proof of a title still subsisting in the heirs of the patentee, he can not complain of the court for accepting his own proof as fatal to a recovery on the count in his own name.

Moreover, it is apparent this instruction worked the appellant no prejudice, for the jury found not only against Ballance on the count in his own name, but also against the heirs of the patentee on the first count. Yet they had been instructed by the court to find for the heirs on that count, unless they believed there had been an adverse possession by the defendant, and by the persons under whom he claimed, for twenty years prior to the commencement of the suit. This was the only defense to that count, and the jury, by finding for the defendants on that count, of course, found there had been

such adverse possession, and this finding necessarily disposed, also, of the second count, independently of the question of an outstanding title.

The judgment must be affirmed.

*Judgment affirmed.*